# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASHAWNA D. MILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-CV-14-GKF-FHM |
| | ) |
| AMERICAN RED CROSS, also known as | ) |
| AMERICAN RED CROSS SOUTHWEST | ) |
| BLOOD SERVICES REGION, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the court on the Motion to Dismiss the Amended Complaint or Alternatively for Summary Judgment [Doc. #20] filed by defendant American Red Cross. In her Amended Complaint, plaintiff Ashawna D. Miles asserts interference and retaliation claims under the Family and Medical Leave Act (FMLA). In response to the present motion, Miles argues the Amended Complaint also articulates theories of recovery for promissory estoppel and breach of contract. The Red Cross seeks dismissal of Miles's Amended Complaint pursuant to Fed R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In the alternative, it seeks summary judgment on Miles's claims and has presented matters outside the pleadings.

The court declines to consider matters outside of the pleadings, and will treat the Red Cross's motion as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is denied in part, and granted in part.

### I.     Legal Standard

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief can be granted. A complaint must contain

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility requirement "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the conduct necessary to make out the claim. *Id.* at 556. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quotations omitted). The court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).

**II.    Analysis**

   *a. Interference Based on Work Performed While on Leave*

Miles alleges she was employed by the Red Cross in 2014 when she suffered an injury to her left arm and shoulder. She further alleges the Red Cross interfered with FMLA medical leave she took from September 3, 2014 to mid-December 2014 by having her continue to work and perform more than *de minimis* tasks and assignments. [Doc. #19, p. 9]. The Red Cross argues this claim is time barred.

The FMLA provides two limitations periods. In general, an action may be brought not later than two years after the date of the last event constituting the alleged violation for which the action is brought. 29 U.S.C. § 2617(c)(1). However, an action for a willful violation may be brought within three years of the date of the last event constituting the alleged violation. 29 U.S.C. § 2617(c)(2). This three-year limitations period applies when the employer knew or showed reckless disregard for whether its conduct was prohibited by the FMLA. *Bass v. Potter*, 522 F.3d

1098, 1104 (10th Cir. 2008) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

Miles allegedly performed work while on FMLA leave more than two years—but less than three years—before she filed this action on January 11, 2017.

The Red Cross contends Miles's claim is time barred because she has not adequately alleged a willful violation. However, Miles alleges that the Red Cross—through its Oklahoma Collections Manager, Oklahoma H.R. Representative, and other supervisors—knew Miles continued to perform her job during her FMLA leave. Miles further alleges the Red Cross knew, or acted with reckless disregard for whether, its conduct would violate the FMLA by interfering with her FMLA leave by virtue of the Collection Manager and H.R. Representative's experience and education. [Doc. #19, pp. 8-9 ¶ 26].

The court concludes Miles has sufficiently alleged that the Red Cross knew or showed reckless disregard for whether its alleged interference was prohibited by the FMLA, a willful violation to which the three-year limitations period applies. Thus, Miles has adequately pled willful FMLA interference based on the work the Red Cross allegedly had Miles perform while on FMLA leave from September 3, 2014 to mid-December 2014.

  b. *Interference Based on Designation of Leave*

Miles also alleges that, from September 3, 2014 to mid-December 2014, the Red Cross designated her medical leave as FMLA leave in order to preclude Miles from subsequently taking

FMLA leave from mid-December 2014 to March 1, 2015. The court construes these allegations as an involuntary leave FMLA interference claim.[1]

"The Tenth Circuit has not formally adopted an 'involuntary leave' type of interference claim." *Jackson v. J.R. Simplot Co.*, No. 15-CV-0112-NDF, 2016 WL 9108040, at *8 (D. Wyo. Apr. 21, 2016). However, the Sixth Circuit Court of Appeals has recognized that an involuntary leave FMLA interference claim may exist "when an employer forces an employee to take FMLA leave when the employee does not have a 'serious health condition' that precludes her from working." *Wysong v. Dow Chem. Co.*, 503 F.3d 441, 449 (6th Cir. 2007). An involuntary leave FMLA interference claim "ripens only when and if the employee seeks FMLA leave at a later date, and such leave is not available because the employee was *wrongfully* forced to use FMLA leave in the past." *Id.* (emphasis added). *See also Huffman v. Speedway LLC*, 621 F. App'x 792, 797 (6th Cir. 2015) ("An employer who forces an employee who does not have a job-restricting serious health condition—i.e., an employee who remains capable of performing all essential job duties—to take FMLA leave may improperly exhaust the twelve weeks of leave to which the employee is statutorily entitled each year.").

The court need not decide whether the Tenth Circuit would adopt an "involuntary leave" FMLA interference claim because the court finds that the facts alleged in the Amended Complaint do not implicate the "involuntary leave" FMLA interference framework. Miles does not allege that she did not have a "serious health condition" during the period designated as FMLA leave

---

[1] To the extent that the parties addressed these allegations with respect to the Amended Complaint's retaliation claim, "[a]n involuntary-leave claim is really a type of interference claim." *Wysong v. Dow Chem. Co.*, 503 F.3d 441, 449 (6th Cir. 2007).

from September 3, 2014 to mid-December 2014. Nor does Miles allege that she did not qualify for FMLA leave during that period.

Rather, the Amended Complaint alleges that around September 3rd Miles's left arm lifting restriction was temporarily lowered to 1 pound; Miles was not released to return to work without restrictions until February 25, 2015; and "Miles reported with reasonable notice to ARC her serious medical condition which would cause her to miss work for more than three work days during the relevant time period." [Doc. #19, pp. 3-4 ¶ 13; p. 8 ¶ 21; and p. 2 ¶ 8]. Taking these factual allegations as true, the court can only infer that Miles had a "serious health condition" and qualified for FMLA designated leave during the period from September 3, 2014 to mid-December 2014. *Cf. Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Because there are not allegations in the Amended Complaint that Miles did not have a "serious health condition" that precluded her from working during Miles's FMLA designated leave, the court concludes that the Amended Complaint does not state a plausible claim for "involuntary leave" FMLA interference.[2]

---

[2] Further, where the employee does have a serious health condition that preludes her from working, other courts have held that it is not contrary to the FMLA for an employee to be placed on "involuntary FMLA leave." *Sista v. CDC Ixis N. America, Inc.,* 445 F.3d 161, 175 (2d Cir. 2006) ("The FMLA says nothing about an employer's ability to 'force' an employee to take such leave, and such forced leave, by itself, does not violate any right provided by the FMLA."); *Willis v. Coca Cola Enters., Inc*., 445 F.3d 413, 417 (5th Cir. 2006) ("As a threshold matter, it is not contrary to the FMLA for an employee to be placed on 'involuntary FMLA leave.'").

*c. Interference Based on Termination*

The Red Cross seeks dismissal of Miles's FMLA interference claim based on her termination on February 13, 2015.

Terminating an employee does not constitute FMLA interference if the employee is not on FMLA leave, or did not request or argue she was entitled to FMLA leave at that time. *McCully v. American Airlines, Inc.*, 695 F. Supp. 2d 1225, 1250 (N.D. Okla. 2010); *see also Wilson v. FMS, Inc.*, No. 07-CV-0520-CVE-FHM, 2008 WL 4826315, at *5 (N.D. Okla. Oct. 27, 2008) ("[i]f plaintiff exhausted his FMLA leave prior to termination . . . defendant could not have interfered with plaintiff's exercise of FMLA rights by firing him.").

With her original complaint, Miles submitted FMLA leave approval letters showing the Red Cross approved FMLA leave from September 3, 2014 to November 25, 2014.[3] She did not allege that she requested, or argue she was entitled to, FMLA leave at the time she was terminated. The court granted the Red Cross's motion to dismiss because Miles's termination in February 2015 occurred well after her designated leave was exhausted. The court noted Miles had cited no authority that interference with leave designated as FMLA leave can render that designation ineffective or otherwise postpone the beginning of an employee's FMLA leave for limitations purposes.

In her Amended Complaint, Miles alleges that her period of FMLA leave began in mid-December 2014, and existed for at least twelve weeks thereafter, through mid-March 2015. [Doc. #19, p. 10 ¶ 28]. In support of this allegation, Miles cites statutory and regulatory authority

---

[3] Consideration of the exhibits to Miles's original Complaint does not require the court to convert the Red Cross's motion to dismiss to a motion for summary judgment. *See Merswin v. Williams Cos., Inc.,* 364 F. App'x 438, 441 (10th Cir. 2010) ("It is settled that the district court can take judicial notice of its own decision and records in a prior case involving the same parties.").

regarding intermittent or reduced-schedule leave under the FMLA, including a regulation that states, "[w]hen an employee takes leave on an intermittent or reduced leave schedule, only the amount of leave actually taken may be counted toward the employee's leave entitlement." 29 C.F.R. § 825.205(b)(1).

However, Miles does not allege she requested intermittent or reduced-schedule FMLA leave, and the Red Cross's designation of non-intermittent or reduced-schedule FMLA leave from September 3, 2014 to mid-December 2014, by itself, is not actionable. *See supra* note 2. Further, in deciding the subject motion, the court is not bound to accept Miles's allegation that the period of September 3, 2014 to mid-December 2014—which was designated as FMLA leave—cannot count against Miles's statutory entitlement to FMLA due to the Red Cross's alleged interference. *See Twombly*, 550 U.S. at 555 ("[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Iqbal,* 556 U.S at 686 ("[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.").

The addition of legal conclusions does not push the allegations of the Amended Complaint with respect to FMLA interference based on Miles's termination "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Accordingly, the court concludes Miles's Amended Complaint does not state a claim for FMLA interference based on her termination.

*d. Retaliation – 29 U.S.C. § 2615(a)(2)*

The Red Cross seeks dismissal of Miles's FMLA retaliation claim. Miles alleges the Red Cross retaliated against her for taking medical leave, for stopping her off-site work in mid-December 2014, and for seeking to return to work with an accommodation.[4]

Under 29 U.S.C. § 2615(a)(2), it is unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by the first subchapter of the FMLA. Both "retaliation" and "discrimination" refer to the same theory of recovery under 29 U.S.C. § 2615(a)(2). *Dalpiaz v. Carbon County, Utah*, 760 F.3d 1126, 1131 (10th Cir. 2014) ("This circuit has recognized two theories of recovery under [29 U.S.C.] § 2615(a): an entitlement or interference theory arising from § 2615(a)(1), and a retaliation or discrimination theory arising from § 2615(a)(2).") (quoting *Metzler v. Fed. Home Loan Bank of Topeka,* 464 F.3d 1164, 1170 (10th Cir. 2006)) (alteration in *Dalpiaz*).

FMLA retaliation claims are subject to the *McDonnell Douglas* burden-shifting framework. *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007). To make out a *prima facie* FMLA retaliation claim, a plaintiff must show that: (1) she engaged in a protected activity; (2) the employer took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action. *Id.* (quoting *Metzler,* 464 F.3d at 1171). The Tenth Circuit has characterized the showing required to satisfy the third prong under a retaliation theory to be a showing of bad intent or retaliatory motive on the part of the employer. *Id.* (citing *Metzler,* 464 F.3d at 1171).

---

[4] Miles also alleges that the Red Cross retaliated against her for instituting an internal charge, proceeding or grievance with Red Cross management. This allegation is addressed below pursuant to 29 U.S.C. § 2615(b).

In opposition to the motion to dismiss, Miles argues that the "exercise of FMLA leave" is the "protected activity" on which the retaliation claim is based. [Doc. #30, p. 18]. However, the Amended Complaint alleges only that Miles was discharged for "taking medial leave for a serious health condition" in mid-December of 2014. [Doc. #19, p. 7 ¶ 21]. Miles previously submitted FMLA leave approval letters showing that the Red Cross approved Miles's FMLA leave from September 3, 2014 to November 25, 2014, and Miles's request for non-FMLA leave through February 28, 2015. [Doc. #2, pp. 10-22]. Thus, Miles's "medical leave for a serious health condition" in mid-December of 2014 occurred after the expiration of Miles's FMLA leave.[5]

Section 2516(a)(2) prohibits discharge or discrimination against an individual "for opposing any practice *made unlawful by this subchapter*." 29 U.S.C. § 2615(a)(2) (emphasis added). Miles's exercise of her right to non-FMLA medical leave does not support a plausible claim for retaliation under 29 U.S.C. § 2615(a).

Nor does the Amended Complaint state a plausible claim that the Red Cross retaliated against Miles because Miles took designated FMLA leave from September 3, 2014 to November 25, 2014. Miles's allegation that the Red Cross designated Miles's leave from September 3, 2014 to November 25, 2014 as FMLA leave "as a pretext or excuse" to retaliate against Miles is conclusory, and unsupported by facts from which a retaliatory intent may be inferred. *See Twombly*, 550 U.S. at 555 (plaintiff must provide more than "labels and conclusions").

Although Miles argues that the timing of her termination is "suspicious," "a plaintiff may rely on temporal proximity alone only if 'the termination is *very closely* connected in time to the

---

[5] Although Miles now alleges that her period of FMLA leave began in mid-December of 2014 and existed through mid-March of 2015 based on statutory and regulatory authority regarding intermittent or reduced-schedule leave under the FMLA, the court is not persuaded for the reasons discussed above. *See supra* pp. 6-8.

protected activity.'" *Metzler,* 464 F.3d at 1170 (emphasis in original) (quoting *Anderson v. Coors Brewing*, 181 F.3d 1171, 1179 (10th Cir. 1999)).

The Red Cross approved designated FMLA leave from September 3, 2014 to November 25, 2014. [Doc. #19, p. 3 ¶ 13]. Thus, the Red Cross knew of Miles's intent to invoke her rights under the FMLA in early September 2014. Miles was fired on February 13, 2015—over five months after the Red Cross approved FMLA leave. Given the five-month gap between the invocation of FMLA leave and Miles's discharge, based on temporal proximity alone, the court cannot infer retaliatory intent or a causal connection between the FMLA protected activity and Miles's termination. Nor does the Amended Complaint include any additional factual allegations tying Miles's termination to the September 3, 2014 to mid-December 2014 FMLA leave. *See* [Doc. #19, pp. 7-8 ¶ 21].

With respect to Miles's allegation that the Red Cross retaliated against her for seeking to return to work with an accommodation, the court finds that the FMLA does not require employers to accommodate medical conditions indefinitely, but only to provide a fixed amount of leave under certain circumstances. Denying an employee an accommodation to return to work is not a practice made unlawful by the FMLA, *see* § 2615(a)(2), and thus cannot support an FMLA retaliation claim. *See Holly v. Kindred Healthcare Operating, Inc.,* 51 F. Supp. 3d 1113, 1126-27 (D. Utah 2014). *See also Macfarlan v. Ivy Hill SNF, LLC,* 675 F.3d 266, 271 (3d Cir. 2012) ("The FMLA does not require 'an employer to provide a reasonable accommodation to an employee to facilitate his return to the same or equivalent position at the conclusion of his medical leave.'") (quoting *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 384 (3d Cir. 2002)). The Red Cross's alleged failure to accommodate Miles's medical condition after her 12 weeks of FMLA leave does not state a claim of FMLA retaliation.

For all of these reasons, the court concludes that the Amended Complaint does not state a plausible claim of retaliation pursuant to 29 U.S.C. § 2615(a)(2).

   e. *Retaliation – 29 U.S.C. § 2615(b)*

Miles also alleges that the Red Cross retaliated against her for instituting a charge, proceeding or grievance to the Red Cross's management outside of Oklahoma about Miles's allegedly having to work while on FMLA leave.

Section 2615(b) makes it unlawful for any person to discharge or in any other manner discriminate against any individual because the individual has filed any charge, or has instituted or caused to be instituted any proceeding, under or related to the first subchapter of the FMLA.

The court has not discovered a decision of the Tenth Circuit stating whether an internal complaint is an inquiry or proceeding for purposes of § 2615(b). However, the court need not decide today whether § 2615(b) applies to internal complaints.

Miles's allegation that her initiation of a charge, proceeding or grievance with the Red Cross's management outside of Oklahoma about having to work while on FMLA leave was a significant or motivating factor in her termination is conclusory, and unsupported by factual allegations from which a retaliatory intent may be inferred. *See Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do.") (citation omitted). Accordingly, the court concludes that the Amended Complaint does not state a plausible claim of retaliation pursuant to 29 U.S.C. § 2615(b).

   f. *Promissory Estoppel and Breach of Contract*

In response to the Red Cross's motion, Miles argues the Amended Complaint articulates theories of recovery for promissory estoppel and breach of contract. In its reply, the Red Cross contends Miles failed to plead such claims.

The Amended Complaint does not raise either of these theories of recovery. In fact, it does not even contain the words "promissory," "estoppel," "breach," or "contract." Insofar as claims for breach of contract and promissory estoppel are not pled, they are not matters that need to be addressed here.

WHEREFORE, the Red Cross's Motion to Dismiss the Amended Complaint [Doc. #20] is granted in part and denied in part. The motion is denied only as to Miles's claims for FMLA interference based on work performed while on leave. The motion is otherwise granted.

IT IS SO ORDERED this 15th day of November, 2017.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT